### CORNWELL v. HOSMER.

A promise in writing, made in the city to the plaintiff, who lived in the city, by an officer who lived out of the city, to collect and pay to him a certain execution, against a debtor living out of the city, if by legal steps it was collectible; is not within the jurisdiction of the City Court.

ERROR to reverse a judgment of the City Court in Middletown given upon default, in an action brought by said Hosmer against said Cornwell; declaring that Frederick Man recovered a judgment against Gurdon Whetmore of the town of Middletown, before the County Court holden at said Middletown on the first Tuesday of November A. D. 1788, upon a note, which for a valuable consideration was assigned to the plaintiff, for the sum of £35, 4s. 9d. lawful money, and had execution for said sum; that the defendant being constable of said Middletown, the plaintiff delivered to him said execution to collect; and the defendant in said city and within the jurisdiction of said City Court, in and by a receipt in writing under his hand by him well executed, acknowledged the receipt of said execution, and therein promised to collect said execution, if by legal steps, it was collectible, and would pay the money to the plaintiff in whom was the property of said debt; as by said receipt ready in court to be produced appears. And the plaintiff says that the defendant, not regarding his undertaking and promise, hath not levied, collected or returned said execution, nor in any way or manner performed his promise, although said money was by legal measures collectible of said Whetmore. Damage, etc.   Judgment by default, and for the plaintiff to recover, etc.

Errors assigned — 1st. That the declaration is insufficient. 2d. It does not appear that the cause of action arose within

the jurisdiction of the City Court.    3d. It appears that both said Whetmore and said Cornwell were inhabitants of the town of Middletown and not of said city of Middletown. Nothing erroneous plead.

Judgment — That there is manifest error in the judgment complained of.    The law constituting the City Court and investing and limiting its jurisdiction, is, " That it shall be holden on the second Tuesday in every month in said city; shall have power to adjourn from time to time, and shall have cognizance of all civil causes, wherein the title of land is not concerned, by law cognizable by the County Courts in this state; provided the cause of action arises within the limits of said city, and one or both of the parties live within the limits of said city."

By the COURT.    The defendant failing to levy and collect said execution, is laid as the cause of action in this case, which must have arisen out of the city; as both the debtor in the execution and the defendant lived out of the city, and so the court had not jurisdiction.